1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8   CANDACE MICHELLE HINKLE,        )   Case No.1:07-cv-01068 TAG
                                    )
9               Plaintiff,          )
                                    )   MEMORANDUM OPINION AND ORDER
10          v.                      )   GRANTING DEFENDANT'S AMENDED
                                    )   MOTION TO DISMISS COMPLAINT
11   MICHAEL J. ASTRUE,             )   (Doc. 15)
     COMMISSIONER OF SOCIAL         )
12   SECURITY,                      )
                                    )
13              Defendant.          )
     _____    )

14

15      This action was commenced on July 25, 2007, when Candace Michelle Hinkle

16  ("Plaintiff") filed a pro se complaint seeking judicial review of a final decision of the

17  Commissioner of Social Security ("Commissioner") denying her application for supplemental

18  security income ("SSI") under Title XVI of the Social Security Act.  (Doc. 1).  Pursuant to

19  28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties consented to proceed

20  before a United States Magistrate Judge, and, by an order dated October 30, 2007, this action was

21  assigned to the Magistrate Judge for all further proceedings.  (Doc. 11).  Pending before the

22  Court is the Commissioner's January 15, 2008, amended motion to dismiss the complaint, filed

23  in lieu of the administrative record and served on Plaintiff via U.S. mail on January 31, 2007.

24  (Docs. 15, 17).  Pursuant to the Scheduling Order in this case, Plaintiff had 14 days to file an

25  opposition brief to the motion to dismiss.  (Doc. 6, ¶ 9).  Plaintiff did not file an opposition brief.

26  (See Dkt. Report).

27      The Commissioner moves to dismiss pursuant to Fed. R. Civ. P. 12(b) on the grounds

28  that the Court lacks subject matter jurisdiction and Plaintiff's complaint fails to state a claim

1  upon which relief may be granted, because the complaint was not filed within the limitations

2  period of 42 U.S.C. § 405(g).  For the reasons discussed below, the Court grants the amended

3  motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because the

4  complaint fails to state a claim upon which relief can be granted.

5  **I.  AMENDED MOTION TO DISMISS**

6        The Commissioner states that his amended motion to dismiss is brought pursuant to

7  Rules 12(b)(1) and (6).  (Doc. 15, p. 1).  The Commissioner contends that, on February 2, 2007,

8  the Appeals Council mailed Plaintiff a notice informing her that it denied her request for review

9  of the Administrative Law Judge's ("ALJ") decision, which denial commenced the 60-day

10  running of the statute of limitations.  42 U.S.C. § 405(g) and (h); 20 C.F.R. § 422.210; (Doc. 15,

11  pp. 1-3; Doc. 15-2, Decl. of Joan Devera ("Devera Decl.") at ¶¶ 2, 3, Ex. 2).  Because Plaintiff

12  did not request an extension of time to file her complaint, and there exists no basis to toll the

13  limitations period, Plaintiff's July 25, 2007, complaint is untimely and time-barred.  (Doc. 15,

14  pp. 3-5; Devera Decl. ¶ 3(b) and (c)).  The Commissioner also sets forth the rationale for

15  dismissing a complaint under Rule 12(b)(6); i.e., he states that dismissal is appropriate if the

16  Plaintiff's complaint is conclusory and factually deficient.  (Doc. 15, p. 2).  The Commissioner

17  asserts that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) because it is

18  time-barred.  (Doc. 15, pp. 4, 5).

19  **II.  FEDERAL RULE OF CIVIL PROCEDURE 12(b)**

20        Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's

21  jurisdiction over the subject matter of a complaint.  Fed.R.Civ.P. 12(b)(1).  A complaint should

22  be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction.

23  Thornhill Publishing Co., Inc. v. General Telephone & Electronics Corp., 594 F.2d 730, 733

24  (9th Cir. 1979).  When a motion to dismiss attacks the sufficiency of a complaint's allegations of

25  subject matter jurisdiction, it is a facial challenge to jurisdiction, and all material allegations in

26  the complaint are deemed to be true and construed in the light most favorable to the plaintiff.

27  NL Industries, Inc. v. Kaplan, 792 F. 2d 896, 898 (9th Cir. 1986); Mortensen v. First Fed. Sav. &

28  Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977).  When a motion challenges the actual existence

1   of subject matter jurisdiction, it is a factual challenge to jurisdiction, in which case no

2   presumptive truthfulness attaches to the allegations of the complaint, and the plaintiff must

3   establish the existence of subject matter jurisdiction regardless of the allegations in the

4   complaint. Thornhill Publishing Co., Inc., 594 F.2d at 733. In considering a Rule 12(b)(1)

5   motion, the district court is not restricted to the pleadings, but may consider affidavits and other

6   forms of competent evidence outside the pleadings to resolve factual disputes concerning the

7   existence of jurisdiction. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

8        A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) tests the

9   legal sufficiency of a claim. A claim may be dismissed only when "it appears beyond doubt that

10  the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

11  Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229 (1984) (citing Conley v. Gibson,

12  355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)); Navarro v. Block, 250 F 3d. 729, 732 (9th Cir. 2001).

13  For the purpose of the motion, all facts alleged in the complaint are taken as true and construed in

14  favor of the plaintiff. Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996).

15       In considering a Rule 12(b)(6) motion, a district court generally is limited to the contents

16  of the complaint. However, the court may also consider certain other matters, such as documents

17  attached to a complaint, documents incorporated by reference in a complaint, or matters of

18  judicial notice, without converting a motion to dismiss into a motion for summary judgment.

19  U.S. v. Ritchie, 342 F.3d 903, 907-908 (9th Cir. 2003). In addition, a district court may consider

20  a document which is neither submitted with the complaint nor attached to the complaint, if it is

21  integral to the plaintiff's claims and its authenticity is not questioned. Fields v. Legacy Health

22  System, 413 F.3d 943, 958 n.13 (9th Cir. 2005).

23  **III. ANALYSIS**

24  **A. 42 U.S.C. § 405(g)**

25       "It is a fundamental precept that federal courts are courts of limited jurisdiction." Owen

26  Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396 (1978). Limits upon

27  federal jurisdiction must not be disregarded or evaded. Id. A district court lacks jurisdiction to

28  consider a claim against an agency of the United States "except as Congress has consented to a

1   cause of action against the United States."  See United States v. Testan, 424 U.S. 392, 399,

2   96 S. Ct. 948 (1976).  Here, the Commissioner contends that the Court lacks subject matter

3   jurisdiction and the complaint fails to state a claim upon which relief can be granted, because

4   Plaintiff failed to commence this action within the time prescribed by Section 205(g) of the

5   Social Security Act, 42 U.S.C. § 405(g).

6   42 U.S.C. § 405 governs Plaintiff's SSI claim, and provides in relevant part that:

7   (g) Judicial Review.  Any individual, after any final decision of the Commissioner of
    Social Security made after a hearing to which he was a party, irrespective of the amount
8   in controversy, may obtain a review of such decision by a civil action commenced within
    sixty days after the mailing to him of notice of such decision or within such further time
9   as the Commissioner of Social Security may allow.  Such action shall be brought in the
    district court of the United States for the judicial district in which the plaintiff resides, or
10  has his principal place of business . . . .

11  (h) Finality of Commissioner's decision.  The findings and decision of the Commissioner
    of Social Security after a hearing shall be binding upon all individuals who were parties
12  to such hearing.  No findings of fact or decision of the Commissioner of Social Security
    shall be reviewed by any person, tribunal, or governmental agency except as herein
13  provided.  No action against the United States, the Commissioner of Social Security, or
    any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to
14  recover on any claim arising under this subchapter.

15  42 U.S.C. § 405 (g).

16  The 60-day limit for filing specified by 42 U.S.C. § 405(g) is not jurisdictional.  Rather,

17  the 60-day period "constitutes a statute of limitations."  Bowen v. City of New York, 476 U.S.

18  467, 478-479 & n.10, 106 S. Ct. 2022 (1986); Banta v. Sullivan, 925 F.2d 343, 345 (9th Cir.

19  1991); Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987) (citations omitted).  Its purpose is

20  "to impose a 60-day limitation upon judicial review of the [Commissioner's] final decision."

21  Califano v. Sanders, 430 U.S. 99, 108, 97 S. Ct. 980 (1977).  The Commissioner's final decision

22  includes an Appeals Council's denial of a claimant's request for a review of an administrative

23  law judge's decision.  20 C.F.R. §§ 404.900(a)(5), 422.210(a).

24  **B.  Fed. R. Civ. P. 12(b)(6) Analysis**

25  **1.  Untimely Complaint**

26  The statute of limitations defense may be raised in a motion to dismiss when the running

27  of the statute is apparent from the face of the complaint.  Conerly v. Westinghouse Elect. Corp.,

28  623 F.2d 117, 119 (9th Cir. 1980).  Dismissal for a statute of limitations violation can be granted

1   under Rule 12 (b)(6) "only if the assertions of the complaint, read with the required liberality,

2   would not permit the plaintiff to prove that the statute was tolled." TwoRivers v. Lewis, 174

3   F.3d 987, 991 (9th Cir. 1999) (citation omitted) (quoting Jablon v. Dean Witter & Co., 614 F.2d

4   677, 682 (9th Cir. 1980). A complaint cannot be dismissed under Fed. R. Civ. P. 12(b)(1) for a

5   statute of limitations violation "unless it appears beyond doubt that the plaintiff can prove no set

6   of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States,

7   68 F.3d 1204, 1206-1207 (9th Cir. 1995) (quotations and citations omitted).

8       To have timely filed her complaint, Plaintiff must have commenced this action within 60

9   days after the date she received notice of the Appeals Council's denial of her request for review.

10   42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 422.210(c) (Appeals Council's decision is binding

11   unless district court action is filed within 60 days). Plaintiff is presumed to have received notice

12   of the denial on the date which is five days after the date of the Appeals Council's notice, unless

13   there is a reasonable showing to the contrary. 20 C.F.R. § 422.210.

14       Here, the running of the 60-day limitations period is not apparent from the face of the

15   complaint, in which Plaintiff seeks remand to the Social Security Administration for

16   reconsideration of her application for benefits. (Doc. 1, p. 2). The running of the limitations

17   period, however, is apparent from the declaration accompanying the Commissioner's amended

18   motion, which includes an attached copy of the Appeals Council's February 2, 2007, notice

19   denying Plaintiff's request for review. (Devera Decl., Exh. 2). Plaintiff's complaint does not

20   allege, and she has not filed a response to the amended motion to dismiss in which she asserts,

21   that she did not receive notice of the denial within five days of the February 2, 2007, notice. (See

22   Dkt. Report). Plaintiff is presumed to have received notice of the denial on or about February 7,

23   2007. Accordingly, Plaintiff had 60 days from February 7, 2007 to file her complaint in this

24   action. Sixty days from February 7, 2007 is April 8, 2007. Plaintiff submitted the complaint for

25   filing on July 25, 2007. (Doc. 1). Thus, the complaint was filed beyond the 60-day limitations

26   period. Accordingly, the complaint is time-barred under 42 U.S.C. § 405(g), unless the

27   limitations period is extended or tolled.

28   ///

1      **2. Extensions of Time and Tolling**

2          Section 405(g) of Title 42 of the United States Code is a condition on the waiver of

3   sovereign immunity, as well as a statute of limitations.  Section 405(g) has been strictly

4   construed to permit extensions of time only by the Commissioner pursuant to 20 C.F.R.

5   §§ 404.911 and 416.1411, or by a court applying "traditional equitable tolling principles" in

6   cases where the equities in favor of tolling the limitations period are so great that deference to the

7   agency's judgment is inappropriate.  <u>Bowen</u>, 476 U.S. at 479-482.  In <u>Bowen</u>, the plaintiffs were

8   prevented from filing because of "the Government's secretive conduct."  <u>Bowen</u>, 476 U.S. at

9   481.  In <u>Vernon</u>, the plaintiff alleged that a Social Security Administration employee

10  misinformed him about the filing deadline.  <u>Vernon</u>, 811 F.2d at 1275.

11         Neither the complaint nor the amended motion before the Court contend that the

12  Commissioner was asked to, or did, extend Plaintiff's time period to file the complaint.  (<u>See</u>

13  Devera decl.¶ 3(b)).  Consequently, equitable tolling is the only basis for an extension in this

14  instance.  Plaintiff did not submit any opposition to the Commissioner's amended motion to

15  dismiss, and did not request an opportunity to do so.  (<u>See</u> Dkt. Report).  The complaint itself

16  avers no basis for equitable tolling.

17         As noted above, equitable tolling is justified only where the equities in favor of tolling the

18  limitations period are "'so great that deference to the agency's judgment is inappropriate.'"

19  <u>Bowen</u>, 476 U.S. at 479-82.  Here, there is no evidence of misleading or clandestine conduct by

20  the Commissioner that interfered with or hindered Plaintiff's attempts to exercise her rights.

21  Furthermore, there were no considerations of fairness, such as ignorance or disability obstructing

22  Plaintiff's efforts to appeal.  <u>Vernon</u>, 811 F.2d at 1278 (not tolling the running of the period in

23  the absence of agency misconduct or circumstances giving rise to special considerations of

24  fairness).

25  **C.  Rule 12(b) (1) Analysis**

26         Defendant's Rule 12(b)(1) motion is premised upon a violation of the 60-day period

27  defined in 42 U.S. C. § 405(g).  As discussed above, Section 405(g) is not jurisdictional; it is a

28  statute of limitations subject to equitable tolling principles.  <u>Bowen</u>, 476 U.S. at 480; <u>Banta</u>, 925

1  F.2d at 346; <u>Vernon</u>, 811 F.2d at 1277.  When the statute of limitations on a claim against the

2  government is subject to equitable tolling, the question of whether the statute has run generally is

3  not amendable to resolution on a Rule 12(b)(1) motion.  <u>Supermail Cargo, Inc.</u>, 68 F.3d at 1206-

4  1207; <u>see</u> <u>Hughes v. United States</u>, 263 F.3d 272 (3d Cir. 2001); <u>see</u> <u>Jordan Hosp., Inc. v.</u>

5  <u>Shalala</u>, 276 F.3d 72 (1st Cir. 2002) (district court properly dismissed claim under Medicare Act

6  pursuant to Rule 12(b)(1) where the Act did not permit equitable tolling).  In this case, a

7  dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is not appropriate

8  because the applicable statute of limitations is subject to equitable tolling and is not jurisdictional

9  in nature.

10       In summary, Plaintiff's complaint fails to state a claim upon which relief may be granted

11  because the complaint was not filed within the limitations period prescribed by 42 U.S.C.

12  § 405(g), and neither the complaint nor the reasons claimed for its untimeliness establish grounds

13  for equitable tolling.

14       Accordingly, the Court HEREBY ORDERS that:

15       1.  Commissioner Michael J. Astrue's Amended Motion to Dismiss Plaintiff's

16  Complaint (Doc. 15) is GRANTED;

17       2.  This matter is DISMISSED for Plaintiff's failure to state a claim upon which

18  relief may be granted; and

19       3.  The Clerk of the Court is DIRECTED to close this case.

20

21  IT IS SO ORDERED.

22  Dated:  **June 17, 2008**                              _____**/s/ Theresa A. Goldner**_____

23  _____                                                       UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28